MARY J. MORGAN, Respondent, *v.* THE NEW YORK AND MAS-
SACHUSETTS RAILWAY COMPANY, Appellant.

In an action under the General Railroad Act (§ 18, chap. 140, Laws of
1850, as amended by chap. 95, Laws of 1890), to recover the amount of
an award for land taken for railroad purposes, it appeared that defend-
ant was the successor of the P. & E. R. R. Co., that the original order
confirming the commissioners' report was delivered by the counsel for
that company to the county clerk, and was copied at full length in a
book indorsed P. & E. R. R. Co. orders, with the words "entered and
recorded" at the end thereof. Defendant claimed that the order should
have been recorded in the book of deeds, and that the recording of the
original order, instead of a certified copy thereof, was not in compliance
with the law. *Held*, untenable; that there was a substantial compliance
with the statute, and defendant, having caused the order to be recorded
as it was, it would not be permitted to object.

(Submitted October 30, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 9, 1889, which affirmed a judgment in favor
of plaintiff entered upon a verdict directed by the court.

This action was brought to recover the amount of an award
for lands of plaintiff taken by defendant for railroad purposes.

The following is the opinion in full:

"The question presented upon this appeal is whether the
evidence showed conclusively that the provisions of section 18
of the General Railroad Act had been complied with, so as to
establish a debt against the defendant for the amount of an
award made in a proceeding instituted by the defendant to
acquire lands of the plaintiff for railroad purposes.

"We decided in the case of Lent against the same defend-
ant,* at this term of the court, that it was essential to consti-
tute a cause of action against a railroad corporation for the
amount of an award for land taken for railroad purposes, that
it should be alleged in the complaint that the final order con-
firming the commissioners' report, or a certified copy thereof,
had been recorded at full length in the clerk's office of the
county where the land was situated, and until that act was
performed, there was no debt against the company.

---

* *Ante*, page 504.

"The complaint in this action contained such an allegation which the answer denied, and the issue thus raised was the only one considered at the trial.

"The question is no longer one of general importance as the amendment of the Code in 1890 has established a new proceeding for the taking of lands under the power of eminent domain, and the laws as they existed prior to that time have been repealed. (Laws of 1890, chap. 95.)

"We are of the opinion that there was in this case a substantial compliance with the statute. The defendant was the successor of the Poughkeepsie and Eastern Railroad Company, and it appeared that the real estate was situated in Dutchess county, and the proceeding was instituted and brought before the court in that county.

"The original order confirming the report signed by the justice who presided at the court which granted it, was, by the counsel for the railroad company, delivered to the county clerk, and the expense of entering and recording it charged to him.

"It was copied at full length into a book kept by the clerk in his office, indorsed 'Poughkeepsie & Eastern R. R. Co., orders,' and at the end of the order, made by the clerk who copied it into the book, were the words 'Entered and recorded August 18, 1888.'

"The appellant contends that this was not such a recording as required by the statute for two reasons:

"*First.* That the order should have been recorded in the book of deeds.

"*Second.* That the recording of the original, instead of a certified, copy did not comply with the law.

Final orders in proceedings taken to acquire title to land under the power of eminent domain are statutory conveyances of real estate, and the first objection might have some foundation in the provision of the general recording act if the rights of a subsequent purchaser in good faith of the same real estate, or a portion thereof, were involved.

"But in this case the final order was delivered to the county clerk by the defendant, and it caused it to be recorded at full length in the book referred to, and it cannot now be permitted

to claim that such act was not a substantial compliance with the statute, and created a debt from it to the land owner.

" The second objection is without merit. Recording the original order, which remained on file in the same office, was a substantial compliance with the statute. The defendant caused that act to be done and cannot now be allowed to deny its efficacy. The order confirming the report was made August 13, 1888, and affirmed by order of the General Term February 14, 1889. This action was commenced in March, and tried in July, 1889.

"There is no suggestion in the answer, and no evidence on the trial, that the defendant intended or desired to abandon the proceeding, and its rights have not been prejudiced or abridged.

" The defense was without merit, and the judgment should be affirmed."

*Robert F. Wilkinson* for appellant.

*Horace D. Hufcut* for respondent.

BROWN, J., reads for affirmance.
All concur.
Judgment affirmed. _____